TOWN OF MONTCLAIR, IN THE COUNTY OF ESSEX, PROSECUTOR, v. STATE BOARD OF EQUALIZATION OF TAXES, AND MONTCLAIR ACADEMY-MacVICAR FOUNDATION.

Submitted July 2, 1914—Decided November 12, 1914.

An educational corporation organized under the Corporation act and conducted as a business enterprise, *held*, not to have become an "academy not conducted for profit" by re-incorporation under the "Act to incorporate associations not for pecuniary profit," the transfer of its property without any cash payment, and the exchange by the virtual owner of the corporation of dividends on his stock for interest on a purchase-money mortgage of the new corporation to the old one, assigned to him by the latter; no other change in organization or methods having taken place.

On *certiorari.*

Before Justices Swayze, Parker and Kalisch.

For the prosecutor, *Robert M. Boyd, Jr.*

For the defendants, *Kinsley Twining.*

The opinion of the court was delivered by

Parker, J.  Reduced to its lowest terms, the question for decision is whether an educational institution incorporated under the General Corporation act and concededly conducted for profit, and therefore taxable under the General Tax act of

1903, upon its land, buildings and personal property, has succeeded, by changing its corporate dress and altering its financial system so that net income is disbursed in the form of interest instead of dividends, in turning into an "academy not conducted for profit" and has thereby become entitled to tax exemption under paragraph 4 of section 3 of that law. The local assessors held otherwise, but were reversed by the county board of taxation, and this reversal was sustained by the state board of equalization, whose judgment is before us for review.

Under the law of 1866 school houses were exempted, unless rented, whether conducted for profit or otherwise. *Englewood School* v. *Chamberlain,* 55 *N. J. L.* 292. Even after the amendment of 1894, the Montclair Military Academy, a private venture of John G. MacVicar, who figures in the present case, was held exempt. *Montclair Military Academy* v. *Bowden,* 64 *Id.* 214. Later, the academy was incorporated under the General Corporation act, and under the law of 1903 was taxed on its property, though held exempt from state tax on its capital stock. *Montclair Military Academy* v. *Assessors,* 65 *Id.* 516. The amount of capital stock is not stated in the return of facts before us, but MacVicar owned all but two shares, and his wife held one of them. There was an outstanding mortgage indebtedness of $150,000, with provision for a sinking fund. MacVicar, as principal, drew $6,000 salary, besides free rent and living expenses for himself and his family. The corporation was run as a business enterprise with a paid staff of instructors and employes, charging tuition fees on a private school basis for boarding and day pupils (except two who had certain concessions not specified), and advertising for pupils in magazines and papers. Its sole source of income was the said tuition fees.

In this guise it was manifestly a private enterprise, owned and controlled by Mr. MacVicar, and was taxable as such.

On April 30th, 1912, just before the time for the annual tax assessment, the following legal steps were taken: A new corporation was organized under the "Act to incorporate associations not for pecuniary profit." *Pamph. L.* 1898, *p.* 422; *Comp. Stat., p.* 125. It does not appear who the trustees of

this "association" were, but it does appear that the old corporation conveyed everything to the "association," subject to the existing mortgages, the "association" paying no cash, but giving a purchase-money mortgage of $100,000, which was immediately assigned to MacVicar (the consideration of this assignment is not stated, but of course the stock in the old corporation became valueless if the conveyance and assignment were valid), and the school pursued the even tenor of its way, with the same principal, same teachers and staff at the same compensation, same tuition fees and business methods. The only difference in dealing with the income derived from tuition fees in excess of what was needed for running expenses and interest on the prior mortgages, was that instead of being applicable to dividends on stock, this excess, as well as what was to be saved by the proposed tax exemption, would become applicable to interest on MacVicar's mortgage.

The state board seems to have deduced its conclusion that this academy as re-incorporated was not conducted for profit, mainly from the inappropriateness of the act of 1898 to an institution conducted for profit. That the act is inappropriate, we agree; and we think, from all the facts stated, it is quite plain that the metamorphosis was shrewdly intended as a subterfuge to escape taxation, while the incomes of the head master and his staff should be in no way diminished.

A reading of the fourth paragraph of section 3 will disclose that the exemptions therein granted relate to institutions of a religious, philanthropic or charitable character. A school not conducted for profit must necessarily be fundamentally philanthropic or charitable, and only incidentally the source of income for its staff. As was said in *Institute of Holy Angels* v. *Bender, 79 N. J. L.* (at *p.* 36), "such institutions give more than they get and make up the deficiency of the tuition fees to pay for the actual cost of the instruction, in part by the self-sacrificing devotion of the teachers, and in part by the bounty of past generations" (*i. e.,* endowment gifts). There is nothing in this case to show either a deficiency of tuition fees, an endowment, or that the teachers are underpaid and serve as an act of charity or philanthropy. The school is, as

it always has been, a business proposition, conducted to make an adequate living for its real owner.

The state board found, as a fact, that "the Montclair Academy-MacVicar Foundation was a school or academy not conducted for profit on May 20th, 1912." This finding, its final one, is manifestly an inference from the other facts found, most of which are above recited. We are not bound by this inference of fact, but make our own finding. *Certiorari act,* § 11; *Royal Manufacturing Co.* v. *Rahway,* 75 *N. J. L.* 416; *Millville Gas Co.* v. *Millville,* 84 *Id.* 409, 410.

The judgment of the state board of equalization is reversed and set aside, and the tax on the property of the academy is affirmed.