STATE BOARD OF TAX APPEALS.

CITY OF NEW BRUNSWICK, PETITIONER, v. NEW BRUNS-
WICK AERIE NO. 1329, FRATERNAL ORDER OF EAGLES,
RESPONDENT.

NEW BRUNSWICK AERIE NO. 1329, FRATERNAL ORDER OF
EAGLES, PETITIONER, v. CITY OF NEW BRUNSWICK,
RESPONDENT.

Decided May 28, 1940.

For New Brunswick Aerie No. 1329, Fraternal Order of
Eagles, *Hicks, Kuhllhau, Thompson & Deshler*.

For the city of New Brunswick, *Paul W. Ewing* (by *Wil-
liam D. Danberry*).

QUINN, President. The taxpayer in these appeals is the
New Brunswick local unit of the national fraternal organiza-
tion, Fraternal Order of Eagles. It made application to the
Middlesex County Board of Taxation for exemption from

taxation for the years 1937 and 1938 for its lodge premises, consisting of two buildings situated in the city of New Brunswick, and for personal property therein. The appeal for 1937 was granted and the assessment canceled, while the appeal for 1938 was dismissed by the county board. Hence the present appeals, by the taxing district to restore the 1937 assessment, and by the taxpayer to cancel that for 1938.

The exemption statute relied on by the taxpayer is *Pamph. L.* 1936, *ch.* 46 (*R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26) providing that:

"All real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated, shall be exempt from taxation under this chapter, if the legal or beneficial ownership of such property is in one or more of said organizations, lodges, associations or societies, and no part of such property is used for pecuniary profit."

There is no question concerning the status of the taxpayer as a fraternal organization of the character intended for exemption, *Newark Aerie 44 Fraternal Order of Eagles* v. *Newark (State Board)*, filed March 21st, 1939, nor as to its ownership of the property in question, but it is contended by the taxing district that the property was used for pecuniary profit as of the assessing dates for each of the tax years in question, *i. e.,* October 1st, 1936, and October 1st, 1937. As always in cases of claims for exemption from taxation, the burden is upon the taxpayer strictly to prove its compliance with the statutory qualifications for exemption—in this case, that none of its activities were for pecuniary profit in the sense of the act. *Princeton Country Day School* v. *State Board of Tax Appeals (Supreme Court,* 1934), 113 *N. J. L.* 515; 175 *Atl. Rep.* 136.

The proof at the hearing of these appeals was to the effect that the aerie's activities are conducted in two buildings, a frame structure in the front, and a brick building in the rear of its lot at 78 Carroll Place, in New Brunswick. The organization maintained a bar and buffet in the frame building, for

which a plenary retail consumption liquor license was held by it from June 30th, 1937, to June 30th, 1939. Prior to that period, and apparently for some time theretofore, the aerie held a club license. It is not clear from the testimony whether the bar was ever made available to members of the general public during that prior period, and particularly as of October 1st, 1936, but there is a basis for suspicion that it was, as it was explained by the aerie treasurer that, "when they started bingo (prior to 1937) we had these government men coming in to see if we were selling to outsiders, outside of our own members, and we got sick of it." No further proof was adduced as to whether or not, as of October 1st, 1936, actual sales were customarily made to the public at large. It is conceded that they were, as of October 1st, 1937. Under the rule respecting the burden of proof in exemption cases, hereinabove referred to, we must conclude that the taxpayer maintained in its frame building a public bar for both of the years in question.

Upon a number of recent occasions, we have held that prior to the year 1937, the taxpayer has, from time to time, conducted bingo games in weekly series of from ten to fifteen weeks, which were operated prior to 1937 by individuals in partnership with the aerie, but since then, by the organization itself. The public generally have been permitted to patronize these games, which constitute a form of lottery and have taken place in the brick building in the rear of the premises.

Upon a number of recent occasions, we have held that the operation of a bar or of bingo games to which the general public is admitted, constitutes a use of the property of fraternal organizations for pecuniary profit. *The Benevolent Protective Order of Elks, Lodge No.* 233, v. *Borough of Red Bank* (*State Board*), filed January 24th, 1939; *Plainfield Lodge No.* 885, *Benevolent and Protective Order of Elks* (*State Board*), filed February 21st, 1939. It has seemed to us that the actual incidence of profit or loss in the conducting of these enterprises, whether in and of themselves or in relation to the operation of the finances of the organization as a whole, is not of controlling importance, but that the real issue

is whether the fraternal organization in question is permitting any part of its property to be devoted to uses ordinarily calculated to render pecuniary profit, as exercised by persons or corporations generally. Compare the construction of the phrase, "not conducted for profit," as used in *R. S.* 54:4-3.6, dealing with the exemption of property of educational, religious and charitable organizations, as calling for a determination of the question as to whether the institution in question is or is not fundamentally philanthropic. *Montclair* v. *State Board* (*Supreme Court,* 1914), 86 *N. J. L.* 497; 92 *Atl. Rep.* 270.

Under our prior rulings, we must find that the taxpayer used its property for pecuniary profit, as of both the years 1937 and 1938, and that the original assessments for those years should stand.

The judgment of the Middlesex County Board is reversed in the 1937 case and affirmed in the 1938 case.